# CHARLESTON.

## SHERRARD v. KEITER.

Submitted January 23, 1889.    Decided February 11, 1889.

REVIVAL OF JUDGMENT—LIMITATION OF ACTIONS.

Under sections 11, 12, ch. 139, of the Code a judgment can be revived by *scire facias* against the personal representative of the debtor within ten years from the return-day of the last execution, though that time may be more than ten years from the date of

the judgment: provided such revival be made within five years from the qualification of such representative.

Statement of the case by BRANNON, JUDGE:

On the 4th day of April, 1881, the president, directors and company of the Farmers' Bank of Virginia, use of R. B. Sherrard, sued out of the Circuit Court of Hampshire county a writ of *scire facias* to revive a judgment recovered by them on the 8th of November, 1856, against George Keiter for $1,200.00 and $2.01 with interest on whole from 5th of July, 1855, and costs. The writ averred, that on the 12th of November, 1856, an execution issued on the judgment, which was returned "No property found," and that on the 7th of April, 1860, a second execution issued returnable in May, 1860, which was returned "No property found." The writ also averred the death of Keiter, and that on the 17th of September, 1880, administration of his estate was granted to the sheriff, defendant to said writ.

The defendant filed a plea of the statute of limitations, averring that more than ten years had elapsed from the date of the judgment to the issuing of the *scire facias*, to which plea the plaintiff entered a demurrer, which the court overruled. The plaintiff then filed the three following replications to the plea: (1) that plaintiff could not truly make the affidavit prescribed by sec. 27 ch. 106 of the Code; (2) that his right to sue out execution was obstructed by war, insurrection and rebellion from the 1st day of June, 1861, to the 17th day of November, 1865; (3) that his right to sue out execution was obstructed by war insurrection and rebellion from the 17th day of April 1861 to the 1st day of March, 1865. To these replications defendant demurred, and his demurrers were sustained. Facts were agreed, and the case submitted on them, viz., that judgment was rendered and execution issued and returned at the date and for the amount stated in the *sci. fa.;* and that the plaintiff could not truly make the affidavit prescribed by section 27, c. 106, of the Code; and that plaintiff's right to sue out execution was obstructed by war, insurrection, and rebellion from the 17th day of April, 1861, to March 1, 1865.

Robert B. Sherrard filed an affidavit, that he could not

truly take the oath prescribed by section 27, c. 106, of the Code.

On the 20th day of February, 1882, the Circuit Court entered an order finding, that at the time of the issuing of the *scire facias* more than ten years had elapsed from the date of the judgment, excluding the period from the 17th of April, 1861, to 6th of February, 1873, and expressing the opinion, that the judgment was barred, refused to revive or award execution on it and gave the defendant his costs. The plaintiff, Sherrard's administrator, obtained this writ of error.

*S. L. Flournoy,* for plaintiff in error.

No appearance for defendant in error.

BRANNON, JUDGE :

The Circuit Court evidently proceeded on the view, that under section 11, ch. 139, Code 1868, where there has been a change of parties by death, ten computable years after its date would bar the judgment, notwithstanding less than ten years had elapsed from the return-day of the last execution ; but that construction of that section has been overruled by the case of *Laidley* v. *Kline's Adm'r,* 23 W. Va. 565, holding in point 5 of the syllabus, that under sections 11, 12, ch. 139, Code 1868, a judgment may be revived by *scire facias* against a personal representative of the judgment-debtor within ten years of the return-day of the last execution issued thereon, although that time may be more than ten years after the date of the judgment: provided such revival be made within five years from the date of the qualification of such representative. Therefore the plea averring that more than ten years had elapsed from the date of the judgment was not good, because the *scire facias* alleged, that two executions had issued—the last returnable in May, 1860—and the plea therefore did not answer the averment, and the demurrer to it should have been sustained.

The plea fixing the date of the judgment—8th of November, 1856—as the initial day of the running of the statute, the replications were no answer to it; for excluding all the time, which they sought to exclude from computation, still there would remain ten years running time under the statute from

date of the judgment, and in that view the replications were properly rejected; but if the plea had not based itself on the date of the judgment but on the return-day of the last execution, which it should have done, the replications would have been good.

The judgment upon the *scire faeias* must be reversed with costs to the plaintiff in error, and the plaintiff's demurrer to the defendant's plea sustained, and said plea rejected; and the cause is remanded to said Circuit Court for further proceedings.

REVERSED.  REMANDED.

---

# CHARLESTON.

Submitted January 23, 1889.—Decided February 11, 1889.

*S. L. Flournoy*, for plaintiff in error.

No appearance for defendant in error.